## Case No. 16,167.

### UNITED STATES v. RINGGOLD.

[5 Cranch, C. C. 378.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

#### GAMING—INDICTMENT.

1. An indictment for keeping "a faro-bank" is bad, unless it aver the faro-bank to be a common gaming-table.
[Distinguished in Marcus v. United States, Case No. 9,062a. Cited in Stettinius v. United States, Id. 13,387.]

2. An indictment for keeping "a certain public gaming-table called 'faro-bank,'" is bad.

3. An indictment for keeping "a gaming-table," is bad.
[Cited in People v. Spousler, 1 Dak. 289, 46 N. W. 460.]

There were three indictments against the defendant [Benjamin Ringgold].

The first (No. 140) had only one count, which charged that the defendant "did keep a faro-bank," against the form of the statute, &c.

The second (No. 141) had two counts. The first charged that the defendant "did keep a certain public gaming-table called faro-bank." The second count charged that the defendant "did keep a faro-bank."

The third indictment (No. 142) also had two counts. The first charged that the defendant "did keep a gaming-table." The second charged that the defendant "did keep a faro-bank." All these counts concluded, against the form of the statute.

By the first section of the penitentiary act for the district of Columbia of 2d March, 1831 [4 Stat. 448], it is enacted, among other things, "that every person who shall be convicted" "of keeping a faro-bank, or other common gaming-table," "shall be sentenced to suffer punishment, by imprisonment and labor, for the time and times hereinafter prescribed, in the penitentiary act for the District of Columbia." And by the twelfth section, it is, among other things, enacted, "that every person duly convicted" "of keeping a faro-bank or gaming-table, shall be sentenced to suffer imprisonment and labor, for a period not less than one year, nor more than five years."

Mr. Dandridge, for defendant, moved to quash these indictments, because neither of them averred that the defendant kept a common gaming-table; and he contended that it was not sufficient to charge the defendant with keeping a faro-bank, without averring that a faro-bank was a common gaming-table. Every faro-bank is not a common gaming-table; and, unless it be, it is not indictable.

THE COURT (THRUSTON, Circuit Judge, absent), took time to consider.

See the following cases, in this court, name-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

ly: U. S. v. Smith [Case No. 16,328], at November term, 1835; U. S. v. Cooly [Id. 14,-859], at March term, 1836, for keeping "a certain gaming-table called a 'faro-bank' "; U. S. v. McCormick [Id. 15,661], at the same term, for keeping "a certain public gaming-table called a 'faro-bank' "; and U. S. v. Smith [Id. 16,330], at the same term, who was indicted for taking insufficient bail on an indictment against one Miller, for keeping "a certain gaming-table called a 'faro-bank' "; and Craven's Case, Russ. & R. 14.

In Cooly's Case, the court (nem. con.) upon the authority of Craven's Case, quashed the indictment, "being of opinion that the indictment must charge the offence to be the keeping either of a common gaming-table, or the keeping of a faro-bank; not merely a gaming-table called a 'faro-bank.' " In that case Thruston, J., suggested that the best way of charging the offence would be to charge it as the keeping of a faro-bank, the same being a common gaming-table. In McCormick's Case, the court (Morsell, J., absent,) on the authority of Cooly's Case, quashed the indictment. In Smith's Case, the court (Morsell, J., absent,) held, that the indictment against Miller, which was for keeping "a certain gaming-table called a 'faro-bank,' " did not describe an indictable offence. On the last day of the term, the court being full, but Mr. Key, the district attorney, absent on account of the illness of one of his family, and after the court had given notice that it was about to close the session, Mr. Dandridge and Mr. Bradley argued the case again. They said that Mr. Key admitted that a faro-bank might be innocently kept, and that it is not punishable unless it be a common gaming-table; and, upon that admission, THRUSTON, Circuit Judge, argued that the term "faro-bank" was too uncertain in itself to support an indictment.

CRANCH, Chief Judge, said: I think the first count of the indictment No. 141, which charges that the defendant kept "a certain public gaming-table called 'faro-bank,' " is bad, upon the authority of Cooly's and McCormick's Cases. And that the first count of the indictment No. 142, which charges that he kept "a gaming-table," is also bad, because it is not charged to be a common gaming-table. I think the counts, charging that he kept a faro-bank, are good, because the words "a faro-bank or other common gaming-table," necessarily imply that a faro-bank is a common gaming-table; so that it would be tautology to say a "common faro-bank." Nor do I think it necessary to aver that a faro-bank is a common gaming-table, because the keeping of a faro-bank is, per se, made an offence. If it should be averred to be a common faro-bank, the defendant might, perhaps, deny that it was common; and prove that guards were placed at the door to prevent the approach of the officers of justice, and all others who might inform against

them; which class might include a large proportion of the community. To prevent such cavilling, the word "common" might have been, by the legislature, designedly omitted before the term "faro-bank," from abundant caution. I am of opinion that the counts which charge the keeping of a faro-bank, are good under the statute; and that the other counts are bad, and should be quashed.

MORSELL, Circuit Judge, not being prepared to give an opinion, the court took time to advise until the next term.

At March term, 1838 THE COURT (CRANCH, Chief Judge, absent,) quashed these indictments, because, as it is understood, neither count charged the defendant with keeping a common faro-bank, nor a common gaming-table.

THRUSTON, Circuit Judge, was prevented by severe indisposition from attending at this term, except a few days.